# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR CERVANTES,

        Plaintiff,

  v.

SALAZAR,

        Defendant.

No. 2:15-CV-2686-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (Doc. 10).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff's complaint raises one claim of use of excessive force, a claim which is neither factually nor legally complex despite plaintiff's assertion in the current motion to the contrary. Plaintiff has also demonstrated an ability to sufficiently articulate his claims, having successfully amended his original complaint to state a cognizable claim. The court cannot say at this early stage of the proceedings before defendant has been served and discovery has been conducted whether plaintiff has any particular likelihood of success on the merits. Finally, the court finds plaintiff's stated reasons for appointment of counsel – his lack of money and education – are not extraordinary but the norm for inmates pursuing civil litigation.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 10) is denied.

Dated: October 23, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE