UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CERVANTES,<br><br>    Plaintiff,<br><br>    v.<br><br>SALAZAR,<br><br>    Defendant. | No.  2:15-cv-02686 KJM DMC (PC)<br><br>ORDER |

          Salvador Cervantes, a state inmate proceeding without counsel, argues that he was subjected to unconstitutional excessive force in the Deuel Vocational Institution.  The matter is before the court on the assigned Magistrate Judge's recommendation to grant the state's motion for summary judgment.  *See* Mot., ECF No. 27; F&Rs, ECF No. 29.  The court has conducted a de novo review of the record.  The findings and recommendations are adopted in part and the motion for summary judgment is granted.

          The court adopts sections I and II of the Magistrate Judge's findings and recommendations, to which neither party objects.  *See* F&Rs at 1–2; Objections, ECF Nos. 30, 31.  To summarize, the undisputed facts show that Mr. Cervantes complained to prison officials that an officer had "dropped" him onto a concrete floor.  *See* Cantu Decl. Ex. B at 1, ECF No. 27-3.  He fell hard enough that his glasses were knocked away where he could not reach them.  *See id.*

1  Mr. Cervantes then filed a complaint and pursued an appeal within the prison's three-level
2  administrative grievance system.  *See generally* Spaich Decl. Ex. B.  He bypassed the first level,
3  was unsuccessful at the second level, *see id.*, and at the third level, his appeal was "cancelled"
4  because he did not comply with the time limits imposed by the California Code of Regulations.
5  *See id.* Ex. B at 1.

6  Mr. Cervantes then filed this federal habeas petition.  He alleges the prison
7  subjected him to excessive force in violation of the Eighth Amendment.  *See generally* Compl.,
8  ECF No. 1.  The state moves for summary judgment, arguing (1) Mr. Cervantes did not actually
9  complain of excessive force, only that his glasses were missing, so he could not prove he had
10  exhausted any claims of excessive force, and (2) the cancellation at the third level shows Mr.
11  Cervantes did not file a proper appeal, which likewise prevented him from showing he had
12  exhausted his administrative remedies.  The Magistrate Judge recommends granting summary
13  judgment to the state on the first ground but not the second.  *See* F&Rs at 7–9.

14  As the Magistrate Judge correctly explains, in resolving a motion for summary
15  judgment, the evidence is viewed in the light most favorable to the party opposing summary
16  judgment, and all reasonable inferences that can be drawn from the evidence must be drawn in
17  favor of the same party.  *See* F&Rs at 4 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
18  248, 255 (1986), and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587
19  (1986)).  And as the Magistrate Judge also correctly summarizes, prisoners must exhaust their
20  administrative remedies within the prison before pursuing a civil rights claim in federal court.
21  *See id.* at 4–5 (citing, among other authorities, *Woodford v. Ngo*, 548 U.S. 81 (2006)).  If they do
22  not, a federal civil rights claim cannot succeed.  *See, e.g.*, *Bradley v. Villa*, No. 10-01618, 2015
23  WL 3540673, at *6 (E.D. Cal. June 3, 2015), *findings and recommendations adopted*, ECF No.
24  77 (E.D. Cal. July 7, 2015).

25  That said, the court declines to adopt the Magistrate Judge's finding that Mr.
26  Cervantes did not raise an excessive force claim.  When Mr. Cervantes's grievance and the
27  records of his administrative appeal are viewed in the light most favorable to his case, it is
28  reasonable to infer the prison understood he was complaining of an excessive use of force.  Even

1 the prison appears to have categorized his claims this way.  *See* Spaich Decl. Ex. A, ECF No. 27-
2 4 (referring to Mr. Cervantes's claim and appeal as addressing a "Misuse of Force").  For this
3 reason, it is not possible to conclude on this record the prison had no adequate notice that Mr.
4 Cervantes wanted to pursue a claim of excessive force—and that is all that is required to exhaust
5 a claim.  *See, e.g.*, *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices to
6 exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner
7 seeks redress.").  Summary judgment therefore cannot be granted on this basis.

8 But the state is entitled to summary judgment on an alternative ground:  There is
9 no genuine dispute that Mr. Cervantes missed a deadline at the third level of review.  *See* Spaich
10 Decl. Ex. B at 1 ("Time limits for submitting the appeal are exceeded even though you had the
11 opportunity to submit within the prescribed time constraints.").  For that reason, it is undisputed
12 that Mr. Cervantes did not comply with the prison's rules for administrative review through all
13 available avenues for relief, and as a result, it is undisputed he did not exhaust his administrative
14 remedies.  *See Ngo*, 548 U.S. at 93 (2006) ("[I]f the petitioner procedurally defaulted [his
15 administrative] claims, the prisoner generally is barred from asserting those claims in a federal
16 habeas proceeding."); *see also, e.g.*, *Bradley*, 2015 WL 3540673, at *6 (granting summary
17 judgment because the prisoner-petitioner's administrative appeal "was cancelled for failure to
18 meet time constraints").

19 This is true despite the prison's labeling Mr. Cervantes's complaint as a "staff
20 complaint."  Many courts within this circuit have held that similar staff complaints must be
21 exhausted.  *See, e.g.*, *Gray v. Virga*, No. 12-3006, 2014 WL 309530, at *4 (E.D. Cal. Jan. 27,
22 2014) ("Processing an appeal as a staff complaint does not preclude a prisoner from exhausting
23 administrative appeals to the Director's Level."), *report and recommendation adopted*, 2014 WL
24 1330633 (E.D. Cal. Mar. 31, 2014); *see also* Def.'s Objections at 3–4, ECF No. 30 (collecting
25 authority).  Summary judgment must therefore be granted to the state.
26 /////
27 /////
28 /////

1           In conclusion, the motion for summary judgment is granted.  This order resolves
2 ECF No. 27 and closes the case.
3           IT IS SO ORDERED.
4 DATED: November 30, 2020.

CHIEF UNITED STATES DISTRICT JUDGE